■ AVALON L. L. C., Appellant-Respondent, v CORONET PROPERTIES COMPANY, Respondent-Appellant. [664 NYS2d 521] —Order, Supreme Court, New York County (Carol Arber, J.), entered August 1, 1996, which, upon renewal and reargument, granted plaintiff's motion to the extent of substituting Avalon L. L. C., as plaintiff in place of the Manhattan Savings Bank, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of partially vacating the stay to permit action to proceed against assets of defendant, if any, that are not under the jurisdiction of the Federal Deposit Insurance Corporation (FDIC), and otherwise affirmed, without costs.

Contrary to plaintiff's argument, the mere transfer of inter-

est in the judgment by assignment alone is insufficient to order a levy and Sheriff's sale of specific assets of defendant. The rights, if any, that Avalon acquired in the underlying judgment must be determined in a plenary action. Moreover, triable issues of fact exist as to whether the particular assets sought by plaintiff, i.e., the shares and proprietary leases of three cooperative apartments located at 885 West End Avenue, are under the jurisdiction of the FDIC, pursuant to 12 USC § 1821, as receiver for the now defunct Union Savings Bank. However, Avalon is not barred from seeking enforcement of the judgment against assets of defendant that are not involved in the FDIC litigation.

Contrary to defendant's argument on its cross appeal, the substitution of Avalon L. L. C. was properly granted. The record clearly demonstrates the transfer of interest and assignment of the judgment from Manhattan Savings Bank, the original plaintiff, to Avalon L. L. C. Concur—Milonas, J. P., Wallach, Williams, Tom and Mazzarelli, JJ. [*See,* 248 AD2d 269.]